772

[Civ. No. 21807.    Second Dist., Div. One.    July 3, 1956.]

ROSE ARONIN, Respondent, v. CAROL SATTINGER et al., Defendants; BARNEY SATTINGER et al., Appellants.

Jack M. Sattinger for appellant Barney Sattinger.

No appearance for appellant Bergman.

Jacob Paull for Respondent.

FOURT, J.—The respondent herein made a motion to dismiss the appeals of Barney Sattinger and Harry Bergman upon the ground that no reporter's transcript on appeal has been filed by either of them as required by rule 4 of the Rules on Appeal.

The clerk's transcript, among other things, shows that an action in damages for fraud was commenced October 27, 1954; that the relief prayed for was a judgment against the defendants for the sum of $4,000, by way of special and general damages, and the further sum of $2,500 for exemplary damages and for costs of suit. On December 20, 1955, the motion of M. J. Sattinger for a nonsuit was apparently granted. There was a judgment entered November 14, 1955, that the plaintiff recover from defendants Harry Bergman

and Barney Sattinger the sum of $4,500 together with costs in the sum of $70.90.

Harry Bergman filed a notice of intention to move for a new trial on November 21, 1955. Barney Sattinger filed a similar notice on November 23, 1955. Each of the motions was denied on December 20, 1955. Notice of entry of the order denying motions for new trial was served by mail December 21, 1955, on the respective attorneys for the defendants.

Notice of appeal to the District Court of Appeal on behalf of Harry Bergman was filed January 17, 1956. Notice to prepare reporter's transcript and clerk's transcript on appeal, including the judgment roll and all exhibits was filed January 25, 1956. Pursuant to rule 4a of the Rules on Appeal, a copy of the said notice was mailed February 20, 1956, to the court reporters.

Notice of appeal was filed on behalf of the defendant Barney Sattinger on January 18, 1956. Notice to the clerk to prepare clerk's transcript, including the judgment roll and all exhibits, and reporter's transcript was filed January 25, 1956. A copy of such notice was mailed to the court reporters on February 20, 1956.

Pursuant to rule 4a of the Rules on Appeal, a notice by the clerk of the court designating the estimated cost of reporter's transcript to be $650 was mailed February 23, 1956, to the attorneys representing Harry Bergman, namely Walley and Davis and Leo M. Zinner of Los Angeles, and to the attorney representing Barney Sattinger, namely, Jack M. Sattinger of Los Angeles. No arrangements with the clerk for the payment of such amount was made and there was no waiver of deposit filed by the reporter.

Pursuant to rule 5 of the Rules on Appeal, a notice by the clerk of the court designating the estimated cost ($18.35, being one-half of the fee as per rule 11) for the preparation of a consolidated clerk's transcript on appeal was filed January 17, 1956, and January 18, 1956, respectively, and was mailed February 23, 1956, to the attorney representing Barney Sattinger. On March 5, 1956, the attorney for Barney Sattinger made a deposit of $37, being the total cost for the preparation of the clerk's transcript on appeal filed January 18, 1956, on behalf of the defendant Barney Sattinger.

Pursuant to the provisions of rule 5 of the Rules on Appeal, a notice by the clerk of the court designating the

estimated cost ($18.35, being one-half the fee per rule 11), for the preparation of a consolidated clerk's transcript on appeal was filed January 17,. 1956, and January 18, 1956, respectively, and mailed February 23, 1956, to the attorneys representing Harry Bergman. No arrangement has been made with the clerk for the payment of the clerk's transcript on appeal filed January 17, 1956, on behalf of defendant Harry Bergman.

A clerk's transcript for notice of appeal filed January 18, 1956, on behalf of appellant Barney Sattinger, was filed April 23, 1956.

No clerk's transcript for notice of appeal filed January 17, 1956, on behalf of appellant Harry Bergman has been filed.

A copy of the notice of motion to dismiss the appeal was directed to the respective appellants and their respective attorneys.

No appearance whatsoever was made on behalf of appellant Harry Bergman. ▮ Under rule 41(c) of Rules on Appeal (36 Cal.2d 33) an appeal is deemed to have been abandoned when, after notice of motion to dismiss, the appellant fails to appear or oppose the motion. (*Pastore* v. *Floyd*, 88 Cal.App.2d 732, 733 [199 P.2d 317].) The motion to dismiss the appeal as to Harry Bergman should, therefore, be granted.

Counsel for appellant Barney Sattinger appeared and filed his affidavit wherein he set forth, among other things, that Barney Sattinger now intends to proceed with an appeal on the judgment roll, and further setting forth that he has complied fully with rule 5 of the Rules on Appeal.

We are of the opinion that the motion to dismiss the appeal as to Barney Sattinger should be denied. ▮ When a clerk's transcript consisting of the judgment roll is on file, the appellant is entitled to a consideration of the appeal based thereon, even though no reporter's transcript has been filed, and the proceedings for the preparation thereof have been terminated. (*Pacific Gas & Elec. Co.* v. *Scott*, 10 Cal. 2d 581, 584 [75 P.2d 1054].)

The motion to dismiss the appeal as to Barney Sattinger is denied.

The motion to dismiss the appeal as to Harry Bergman is granted and the appeal is dismissed.

White, P. J., and Doran, J., concurred.